UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

        Plaintiff,

v.

M. BURK et al.,

        Defendants.
_____/

Case No. 1:19-cv-1018

Honorable Paul L. Maloney

# **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington, Burt, Russell, and Unknown Dixon-Ingalls. The Court will also dismiss Plaintiff's deliberate indifference and procedural due process claims against Defendants Burk and Scanlon. Plaintiff's claims against Defendants Burk and Scanlon regarding the opening of his legal mail and the denial of his access to the courts remain in the case.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Mailroom Clerks M. Burk and G. Scanlon, MDOC Director Heidi Washington, Warden S. L. Burt, Grievance Section Manager Richard Russell, and Facility Manager Unknown Dixon-Ingalls.

Plaintiff alleges that on July 2, 2019, he was given an opened letter from Wayne County Circuit Court Judge Mary Hathaway, stating that a copy of his state court file for his criminal proceedings was "enclosed." This letter was improperly treated as regular mail, rather than as legal mail as is required. Plaintiff includes a copy of the letter from Judge Hathaway's judicial attorney, which is dated June 19, 2019, as an exhibit to his complaint. (ECF No. 5-1, PageID.77.) Plaintiff states that Defendants Scanlon and Burk improperly opened his legal mail outside of his presence and destroyed his state court record, which prevented Plaintiff from filing a direct appeal of his May 2, 2019, criminal conviction. Because Plaintiff is not entitled to a second free copy of his state court record, he states that he is also unable to file a motion for relief from judgment in the state court. Plaintiff states that in order to show that his plea of "no contest" was not knowing and voluntary, he requires a copy of his records to show that he was never informed about the lifetime monitory requirement for a criminal sexual conduct conviction. Plaintiff states that he also planned to raise twenty-eight other claims, which could have been addressed if his state court record had not been destroyed. Plaintiff asserts that Defendants Scanlon and Burk acted with the intention of preventing Plaintiff from appealing his state court conviction.

Plaintiff filed a grievance regarding the alleged destruction of his state court record, but Defendant Dixon-Ingalls failed to interview Plaintiff's witness, Officer Schmidt, to verify that

Plaintiff's legal mail was improperly opened outside of his presence. Defendant Dixon-Ingalls admitted that it was possible that papers had been destroyed and that the mail had been improperly opened, but stated that the only thing that could be done was to ensure that mailroom staff did not make the same mistake in the future.

Plaintiff claims that Defendant Burt refused to inform the state court that Plaintiff had never received the record and that it was not Plaintiff's fault that it had been destroyed. Plaintiff also states that Defendant Burt's "policies" allowed the opening of Plaintiff's legal mail and the improper destruction of documents, although Plaintiff fails to specify the allegedly problematic policies. Plaintiff claims that Defendant Russell improperly denied his step III grievance. Plaintiff claims that Defendant Washington is responsible because she failed to take corrective action in her capacity as Director of the MDOC.

Plaintiff claims that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks damages and equitable relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.     Respondeat Superior

Plaintiff fails to make specific factual allegations against Defendants Washington, Burt, Russell, and Dixon-Ingalls, other than his claim that they failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor

can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington, Burt, Russell, and Dixon-Ingalls engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## IV. Opening of legal mail outside Plaintiff's presence

Plaintiff state that Defendants Burk and Scanlon violated his First Amendment rights when they opened clearly marked legal mail from the state court outside his presence. In order to guard against the possibility of a chilling effect on a prisoner's exercise of his or her First Amendment rights and to protect the right of access to the courts, mail from a court constitutes "legal mail" and cannot be opened outside the presence of a prisoner who has specifically requested otherwise. *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003). Therefore, Plaintiff's First Amendment claim regarding the opening of his legal mail by Defendants Burk and Scanlon may not be dismissed on initial review.

## V. Denial of access to the courts

Plaintiff claims that Defendants Burk and Scanlon destroyed his legal documents, which prevented him from appealing his state court conviction. It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231,

1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824-28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. Viewing the allegations in the complaint in the light most favorable to Plaintiff, the Court concludes that Plaintiff appears to state access to the courts claims against Defendants Burk and Scanlon. Therefore, these claims may not be dismissed on initial review.

## VI. Procedural due process

Plaintiff states that the destruction of his state court record without a hearing violated his Fourteenth Amendment right to due process. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because

Plaintiff's claim is premised upon allegedly unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. In order to replace the free copy of his state court record that was sent to him, Plaintiff requires funds to pay for a second copy. A prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his state court record. Accordingly, Plaintiff's Fourteenth Amendment procedural due process claims will be dismissed.

## VII.  Eighth Amendment

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's

"evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's allegations that his legal mail was interfered with and that he was denied the ability to file an appeal or a motion for relief from judgment do not implicate the Eighth Amendment. Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington, Burt, Russell, and Unknown Dixon-Ingalls will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against the remaining

Defendants: Plaintiff's Eighth Amendment deliberate indifference and Fourteenth Amendment procedural due process claims. Plaintiff's claims against Defendants Burk and Scanlon regarding the opening of his legal mail and the denial of his access to the courts remain in the case.

An order consistent with this opinion will be entered.

Dated: March 4, 2020                /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge