UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH #267009,

    Plaintiff,                            Hon. Hala Y. Jarbou

v.                                                    Case No. 1:19-CV-1018

M. BURK, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 107). Plaintiff initiated this action alleging, in part, that Defendants improperly opened and/or destroyed his legal mail. Asserting that Defendants continue to engage in such conduct, Plaintiff moves for a temporary restraining order and a preliminary injunction. Specifically, Plaintiff requests that the Court order Defendants to "cease and desist any and all actions of interfering with, delaying, upsetting and destroying the plaintiff's outgoing and incoming legal mail and to open all mail in the plaintiff's presence." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## ANALYSIS

**I.    Temporary Restraining Order**

A temporary restraining order, issued without notice to the adverse party, may be entered only if the moving party satisfies two requirements: (1) submit a verified complaint or affidavit articulating specific facts demonstrating that "an immediate and irreparable injury will result" before the non-moving party can be heard on the matter and (2) certify in writing "any efforts made to give notice and the reasons why notice should not be required."   *Norris v. Stanley*, - - - F.Supp.3d - - -, 2021 WL 3891615 at *1 (W.D. Mich., Aug. 31, 2021) (citing Fed. R. Civ. P. 65).   If these requirements are satisfied, the moving party must still satisfy the general requirements for obtaining injunctive relief.   *See Norris*, 2021 WL 3891615 at *1.

Plaintiff has failed to comply with either of the preliminary requirements identified above.   Moreover, even if Plaintiff had complied with these requirements, his motion is without merit for the reasons articulated below.   Accordingly, the undersigned recommends that Plaintiff's motion for temporary restraining order be denied.

**II.    Preliminary Injunction**

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it."   *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).   To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy."   *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).   If such is the case, the court must then examine several factors:

(1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. Plaintiff has failed to demonstrate that he would prevail on any claim related to Defendants' alleged conduct. Plaintiff has presented no evidence in support of his allegations, but instead merely relies on vague accusations and conclusions. The Court further finds that interfering in the day-to-day operations of the Michigan Department of Corrections in the absence of evidence warranting such would both cause substantial harm to others and be contrary to the public interest.

While irreparable injury is generally presumed in the context of alleged constitutional injuries, *see Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012), this presumption is insufficient to carry the day. First, when alleging violations of First Amendment rights, "the likelihood of success on the merits often will be the

3

determinative factor" when assessing requests for injunctive relief. *American Civil Liberties Union of Kentucky v. McCreary County, Kentucky*, 354 F.3d 438, 445 (6th Cir. 2003) (citation omitted). As noted above, consideration of this factor weighs heavily against Plaintiff. Second, Plaintiff requests that the Court order Defendants to "cease and desist" violating his rights. While Plaintiff's allegations concern important rights, Plaintiff is essentially seeking a Court Order directing Defendants to not violate the law. Such "obey-the-law" injunctions are not favored. *See, e.g., Perez v. Ohio Bell Telephone Co.*, 655 Fed. Appx. 404, 410-11 (6th Cir., July 14, 2016) ("The Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders"); *Koetje v. Norton*, 2014 WL 4705410 at *3 n.1 (E.D. Mich., June 17, 2014) (collecting cases); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841-42 (7th Cir. 2013). In sum, consideration of the relevant factors weighs against Plaintiff's motion.

## CONCLUSION

Accordingly, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 107) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: February 8, 2022                              /s/ Phillip J. Green
                                                                        PHILLIP J. GREEN
                                                                        United States Magistrate Judge