UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Plaintiff,

                                          Case No. 1:19-cv-1018

v.

                                          Hon. Hala Y. Jarbou

M. BURK, et al.,

    Defendants.
_____/

## ORDER

This is a civil rights action under 42 U.S.C. § 1983, filed by a prisoner incarcerated by the Michigan Department of Corrections (MDOC). On February 8, 2022, the magistrate judge issued a report and recommendation that the Court deny Plaintiff's motion for a temporary restraining order. (*See* R&R, ECF No. 114.) Before the Court are Plaintiff's objections to the R&R (ECF No. 123) and related motions to file evidence to support his objections (ECF Nos. 121, 122, 131, 132), as well as a motion to grant his objections to the R&R (ECF No. 134).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge concluded that Plaintiff did not comply with the preliminary requirements for a temporary restraining order. (R&R 2.) The Court discerns no error in that conclusion. Plaintiff filed a sworn declaration but did not articulate why immediate and irreparable

injury would result before the non-moving party could be heard in opposition.  *See* Fed. R. Civ. P. 65.  Nor did Plaintiff certify any efforts made to give notice to the non-moving party.

To the extent Plaintiff sought preliminary injunctive relief, the Court agrees with the magistrate judge that Plaintiff's evidence is too vague to support relief.  It does not provide sufficient detail.  Also, the relief Plaintiff is seeking is essentially an "obey the law" injunction, which is disfavored.  (*See* R&R 4.)

In short, the magistrate judge correctly analyzed Plaintiff's motion.  Further, the Court would have exercised its discretion in the same way and reached the same result.

The Court will also deny Plaintiff's motions to supplement his objections with evidence that he did not present to the magistrate judge.  They do not demonstrate that the magistrate erred in his decision, and they are not helpful in reviewing that decision.

Finally, the Court declines to certify that an interlocutory appeal would be appropriate or taken in good faith.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 114) is **APPROVED** and **ADOPTED** as the opinion of the Court.

 **IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 107), Plaintiff's motions to file additional evidence in support of his objections (ECF Nos. 121, 122, 131, 132), and Plaintiff's motion to grant his objections (ECF No. 134) are **DENIED**.

Dated:   May 9, 2022                                   /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE