UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH #267009,

    Plaintiff,                              Hon. Hala Y. Jarbou

v.                                           Case No. 1:19-cv-1018

M. BURK, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 141). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) where the events giving rise to this action occurred. Plaintiff initiated this action against several MDOC officials including Mailroom Clerks M. Burk and G. Scanlon. In his amended complaint, Plaintiff alleges the following.

On July 2, 2019, Plaintiff received correspondence from the Wayne County Circuit Court, which included copies of his criminal conviction proceedings. But instead of opening Plaintiff's legal mail in his presence as previously requested, Defendants Scanlon and Burk improperly opened Plaintiff's legal mail outside his

presence and, furthermore, destroyed the contents therein. As a result, Plaintiff was unable to file a direct appeal of his criminal conviction.

Plaintiff alleged that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Most of Plaintiff's claims were dismissed on screening. (ECF No. 11). At this juncture, the only claims remaining in this matter are Plaintiff's claims against Defendants Burk and Scanlon for interference with his legal mail and denial of access to the courts. Defendants Burk and Scanlon now move for summary judgment. Plaintiff has failed to respond to Defendants' motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

**I.   Interference with Legal Mail**

That the First Amendment protects the right of prisoners to receive mail is well established. *See Merriweather v. Zamora*, 569 F.3d 397, 316 (6th Cir. 2009). But, because incoming mail poses a greater security threat than outgoing mail, prison officials may "open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Incoming legal mail must be opened in the prisoner's presence if such is requested.[1] *See, e.g., Rodgers v. Driesbach*, 2021 WL 854971 at *2 (S.D. Ohio, Mar. 8, 2021) (quoting *Sallier*, 343 F.3d at 874, 877).

Defendants Burk and Scanlon have each submitted affidavits in which they assert that they neither opened nor destroyed any legal mail that was sent to Plaintiff on the date in question. (ECF No. 142, PageID.616-21). Because Plaintiff has failed to respond to Defendants' motion, he has failed to present evidence creating a genuine factual dispute regarding his First Amendment mail interference claims. Accordingly, the undersigned recommends that Defendants' motion be granted as to these claims.

---

1 Because Plaintiff has failed to respond to Defendants' motion, he has failed to present evidence that he requested that his legal mail be opened only his presence. Nevertheless, the Court will assume, for present purposes only, that Plaintiff did, in fact, request that his legal mail be opened only in his presence.

## II.   Denial of Access to the Courts

To prevail on his claims of denial of access to the courts claims, Plaintiff must establish the following: (1) he possessed a non-frivolous legal claim; (2) Defendants undertook "obstructive action"; (3) which resulted in "substantial prejudice" to his claim; (4) this prejudice could not be remedied by the state courts; and (5) he is now unable to pursue the claim in question.   *See Flagg v. City of Detroit*, 715 F.3d 165, 173-74 (6th Cir. 2013).

Plaintiff alleges that by destroying his legal documents, Defendants prevented him from pursuing a direct appeal of his conviction. As already noted, however, Defendants have presented evidence that they did not destroy or interfere with Plaintiff's legal documents. Plaintiff has failed to present any evidence to the contrary. Thus, Plaintiff cannot establish that Defendants took any "obstructive action" with respect to any non-frivolous legal claim he sought to pursue. Accordingly, the undersigned recommends that Defendants' motion be granted as to these claims.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 141) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                   Respectfully submitted,

Date: May 19, 2022                         /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge