UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Plaintiff,

v.

M. BURK, et al.,

    Defendants.
_____/

Case No. 1:19-cv-1018

Hon. Hala Y. Jarbou

## **ORDER**

This is a civil rights action filed by a prisoner. Plaintiff Derrick Lee Smith claims that Defendants violated his rights by opening his legal mail and destroying its contents, preventing him from filing an appeal in his criminal case. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 148) recommending that the Court grant Defendants' motion for summary judgment. Before the Court are Plaintiff's objections to the R&R (ECF No. 153) and Plaintiff's motion for leave to file evidence (ECF No. 152). For the reasons herein, the Court will deny Plaintiff's motion, overrule his objections, adopt the R&R, and dismiss the case.

### **I. Standard**

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Background

Defendants filed their motion or summary judgment on March 25, 2022. (ECF No. 141.) That same day, they mistakenly filed a copy of the motion with exhibits attached to it as their "brief" in support of the motion. (ECF No. 142.) This filing did not include the actual brief. (*See id.*) To remedy this mistake, Defendants filed their brief, with exhibits attached, as an "amended brief" on the same day. (ECF No. 143.)

Plaintiff never responded to Defendants' motion for summary judgment. On April 11, 2022, he filed a "notice" with the Court indicating that he *intended* to file a response to Defendants' "Motion and Brief." (ECF No. 144.) But almost a month later, Plaintiff had not filed his response and the time for doing so had passed. On May 9, 2022, the magistrate judge issued his R&R, concluding that Plaintiff had not presented any evidence to dispute Defendants' evidence that they did not open or destroy his legal mail. (*See* R&R 4.)

Plaintiff subsequently filed his objections to the R&R and his motion for leave to file evidence. After the deadline for objecting to the R&R,[1] Plaintiff also filed a sworn declaration (ECF No. 159) and several notices of intent to file further motions, evidence, and responses (ECF Nos. 156, 157, 160, 162). The Court does not consider the declaration because it is untimely and unhelpful. The notices are both irrelevant and untimely.

## III. Plaintiff's Objections

### A. Response to the Motion for Summary Judgment

Plaintiff objects and asserts that he did, in fact, file a response to Defendants' motion by giving it to the prisoner counselor at his prison facility, Jason Jones, on April 18, 2022. As support for this assertion, Plaintiff provides a "Disbursement Authorization/Catalog Order Form." (ECF

---

[1] Plaintiff asserts that he received the R&R on May 26, 2022 (Pl.'s Objs., ECF No. 153, PageID.719), so the deadline for filing objections was June 9, 2022. Plaintiff filed his declaration and notices on or after June 21, 2022.

2

No. 153-2.) In the portion of the form designated for "Catalog Orders Only," there is an entry describing Plaintiff's "Answer to the Defendants Motion to Di[s]miss/Sum[m]ary Judgment." (*Id.*) On the form, someone wrote "Paid 4/19/22" next to the initials "KB." (*Id.*) Plaintiff also submits a purported affidavit from prisoner counselor Jason Jones, who avers that he took Plaintiff's answer to Defendants' motion for summary to the prison mail office on April 18, 2022. (ECF No. 153-1.) The affidavit appears to be signed and notarized by Jones.

Defendants respond to Plaintiff's objections with an affidavit from Jones, who avers that he did not sign the affidavit presented by Plaintiff, and as a notary public, he cannot notarize his own sworn statements. (Jones Aff., ECF No. 155-7; *see* Mich. Comp. Laws § 55.291(2) (prohibiting a notary from notarizing his or her own signature or notarizing a record executed by the notary himself or herself).) In a separate affidavit, Karyn Brown, the General Office Assistant at Plaintiff's prison facility, avers that she is responsible for processing mail disbursement forms. (Brown Aff., ECF No. 155-6.) The disbursement form submitted by Plaintiff with her initials on it does not contain her handwriting and is incomplete because it does not show the amount of postage approved for disbursement. (*Id.*) In other words, Plaintiff appears to have fabricated evidence purporting to show that he timely responded to Defendants' motion for summary judgment. The Court does not accept Plaintiff's evidence, which is plainly not credible. Thus, the Court accepts the conclusion in the R&R that Plaintiff did not respond to Defendants' motion and did not dispute their evidence.

**B. Plaintiff's Evidence**

Next, Plaintiff asserts that the evidence necessary to create a factual dispute is found in (or attached to) his complaint. But Plaintiff waived this argument by not presenting it to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judges Act] does not allow parties to raise at the district court stage new

3

arguments or issues that were not presented to the magistrate."). The magistrate judge was not obligated to make Plaintiff's arguments for him or to "scour the record" for evidence that might support his claim. *See Shorts v. Bartholomew*, 255 F. App'x 46, 50 (6th Cir. 2007). And in any case, the evidence referenced by Plaintiff is simply a grievance response suggesting that there was a possibility that prison staff overlooked Plaintiff's legal mail and treated it as regular mail. (*See* Step I Grievance Response Suppl. Form, ECF No. 5-1.) That response does not implicate Defendants in any way, and it does not suggest that they intentionally destroyed or interfered with his mail. At most, it suggests *negligence* by someone in the mailroom, which is not a basis for a claim under 42 U.S.C. § 1983.

Plaintiff also relies on evidence attached to his objections. As discussed above, Plaintiff failed to present this evidence to the magistrate judge. He cannot use his objections as a means for raising new issues or evidence. And like the grievance response, that evidence does not implicate Defendants. It indicates that the state court sent Plaintiff a copy of his court file. (*See* Letters, ECF Nos. 153-6, 153-7.) It does not suggest any involvement by Defendants in the loss or destruction of that file.

In summary, the Court discerns no error in the R&R. Defendants provided evidence that they did not open or destroy Plaintiff's legal mail. Plaintiff provided no evidence or argument to dispute these assertions. It is true that a failure to respond to a motion for summary judgment does not necessarily entitle the movant to relief, but Plaintiff's failure in this instance means that there is no genuine dispute of fact for trial.

### IV. Plaintiff's Motion to File Evidence

To justify his inadequate response to Defendants' motion, Plaintiff contends in his motion for leave to file evidence that he did not receive Defendants' brief in support of their motion for summary judgment, so he never had the opportunity to respond to it. But his own filings discredit

that assertion. In his notice to the Court on April 11, Plaintiff asserted that he intended to file a response to Defendants' "Motion and Brief." (ECF No. 144.) In other words, he expressly identified Defendants' brief; he did not complain that he never received it. Furthermore, the prison mail log shows that Plaintiff received and signed for two packages from the Michigan Attorney General's office on March 28, 2022. (MCF Mail Log, ECF No. 155-3, PageID.773.) Those two packages are consistent with Defendants' two filings on March 25, 2022: (1) their motion and "brief" (which was a duplicate of the motion, with exhibits attached); and (2) their "amended" brief (which contained the actual brief, with exhibits).

The Court notes that it has authority under Rule 6 of the Federal Rules of Civil Procedure to extend its deadlines, but Plaintiff never asked the magistrate judge or this Court to extend the deadline for responding to Defendants' motion for summary judgment when he had the opportunity to do so.[2] Moreover, he has not shown "good cause" for an extension. Instead, he has asserted a variety of excuses that are undermined by the record. Accordingly, the Court will adopt the R&R and grant Defendants' motion for summary judgment. The Court will also deny Plaintiff's motion for leave to file evidence. The Court has considered that evidence; it does not demonstrate that the magistrate judge erred or that a different disposition of Plaintiff's case is warranted.

Accordingly, for the reasons herein,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 153) are **OVERRULED**.

---

[2] Plaintiff asserts, without support, that he sent a notice to the Court on May 5, 2022, telling the Court that he never received Defendants' brief. But the Court never received such a notice. Also, Plaintiff's assertion is inconsistent with his notice to the Court on April 11, which expressly referred to Defendants' brief. And at any rate, it is not clear why Plaintiff would notify the Court that he intended to respond to Defendants' motion and brief and then wait an additional three weeks to tell the Court that he did not actually receive Defendants' brief. Plaintiff's assertions are simply not credible.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file evidence (ECF No. 152) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 148) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 141) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this Order.

Dated: September 22, 2022              /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE